UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| TERRANCE WYMAN, | ) | |
|---|---|---|
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:13-cv-00300-JAW |
| YATES-AMERICAN MACHINE CO., INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR LEAVE TO AMEND**

In this action, Plaintiff Terrance Wyman seeks to recover in negligence and in strict liability for injuries allegedly resulting from his use of a planer manufactured by Defendant Yates-American Machine Company, and sold by Defendant DK-Spec Inc. The matter is before the Court on Defendant Yates-American's Motion for Leave to Amend its answer to Plaintiff's complaint. Through its motion, Defendant Yates-American requests permission to assert the affirmative defense of lack of personal jurisdiction. (Motion for Leave to Amend, ECF No. 21).[1]

As explained below, following a review of the pleadings, and consideration of the parties' arguments, the Court denies the motion.

### PROCEDURAL BACKGROUND

Yates-American removed this action from state court on August 6, 2013, and filed its answer to Plaintiff's Complaint on August 12, 2013. In the Complaint, Plaintiff alleges that sometime prior to May 17, 2007, Defendant Yates-American sold, to an unknown customer, a

---
[1] The Court referred the motion.

planer/matcher machine identified as a "Yates-American A-20 or A-20-12" and thereby placed the machine in the stream of commerce. (Complaint ¶ 5, ECF No. 1-1.) In its answer to Wyman's complaint, Yates-American admitted "that it sold planers prior to May 17, 2007," but otherwise represented that it lacked knowledge or information sufficient to admit or deny the allegation. (Yates-American Answer ¶ 5, ECF No. 5.)

On September 9, 2013, the Court amended its Scheduling Order to establish the deadline for amendment of the pleadings as November 15, 2013. (See ECF Nos. 11/12.) Although the Court subsequently amended the Scheduling Order, the Court did not alter the date by which the parties were required to seek to amend the pleadings.

Yates-American filed the pending Motion for Leave to Amend on March 26, 2014. Yates-American's principal purpose in requesting the amendment is to assert the affirmative defense of lack of personal jurisdiction. (*Id.* at 4.) Yates-American also seeks to assert "that it sold an A-20-12 planer/matcher, serial number B-28984, to Cecil Hodges Lumber Company in Sandersville, GA in November, 1972" and to deny that the planer that allegedly caused Wyman's injuries was in the same condition as it was in 1972. (Yates-American Amended Answer ¶ 5, ECF No. 21-1.)

## DISCUSSION

### A. Motion to Amend Standard

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. In the case of an answer, freedom to amend without leave of court is permitted within 21 days of the date on which the answer was filed. Fed. R. Civ. P. 15(a)(1)(A). Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). The standard is elevated, however, when the motion seeking leave to

amend is filed after the deadline for amendment of the pleadings found in the Court's scheduling order. A motion to amend that is filed beyond the scheduling order deadline requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate "good cause." *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). It falls to the court's discretion whether to grant a late motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

Even if a party demonstrates good cause to file a late motion to amend, the Court can deny the motion if the Court determines that the proposed amendment of the pleading in question would be futile. *Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009). Here, if Yates-American would likely be unsuccessful in the prosecution of its contention that the Court lacks personal jurisdiction over Yates-American, denial of the motion is appropriate. *See id.*

Finally, because of the nature of certain defenses, by Rule, the defenses are deemed waived when a defendant fails to present them, at the latest, in an amended answer that can be filed "as a matter of course." Fed. R. Civ. P. 12(h)(1)(B)(ii). *See also* Fed. R. Civ. P. 12 advisory committee notes to 1966 amendments (stating, with respect to Rule 12(h)(1): "The specified defenses are of

such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading.").

**B.    The Evidentiary Record**

In support of its Motion for Leave to Amend, Yates-American filed exhibits demonstrating that it is an out-of-state corporation (Exhibits A & B); that it sold the planer in question to a Georgia company in 1972 (Exhibit C); that the planer was thereafter sold repeatedly by other entities before Stratton Lumber acquired it (Exhibits D, E & F); that, as of the deadline to answer, no personnel at Yates-American ever inspected or otherwise observed the subject planer at Stratton Lumber, but that the president of Yates-American was able to do so on November 22, 2013, (Exhibit D); that the subject planer was substantially modified by other parties (*Id.*); and that Yates-American is not registered to conduct business in Maine, has no physical presence in Maine, does not market its products in Maine, owns no property in Maine, and has not purposefully availed itself of Maine law (*Id.*).

In opposition to the Motion, Wyman filed over 250 pages of business records of Machinery Service Company, Inc. of Wiscasset, Maine (Exhibit 1). The records include multiple sales invoices related to parts sales made by Yates-American to Machinery Service Company.

Yates-American also offers the affidavit of Attorney Brian Voke, in which affidavit he reasserts the process by which Yates-American inspected the subject planer, the time within which it obtained relevant documents from Stratton Lumber, and the difficulty that Yates-American had retrieving documents related to the planer because it was sold over 40 years ago. (ECF No. 28-1.)

**C.    Discussion**

Yates-American argues that it has good cause to seek to amend its answer after the Scheduling Order's deadline for amendments to the pleadings. According to Yates-American,

4

when it answered Wyman's complaint, "it had no information as to the nature of the planer, other than that it was a model A-20-12." (Motion for Leave to Amend at 2.) Yates-American maintains that it was only able to inspect the planer, discover its serial number, and determine its history after the expiration of the deadline. (*Id.*) Yates-American cites these circumstances as good cause for not including an affirmative defense of lack of personal jurisdiction in its answer to the complaint. (*Id.* at 3.)

In support of its Motion for Leave to Amend Answer (ECF No. 21), Yates-American argues that through its inspection of the planer and its efforts to learn more about the history of the planer, it obtained information that suggested that this Court lacked personal jurisdiction over it. In particular, Yates-American contends that it did not sell the product in Maine, did not engage in conduct that foreseeably would give rise to an action in Maine, and "at no relevant time maintained minimum contacts with Maine." (*Id.* at 5.)

Wyman argues Yates-American fails to present any evidence to justify its late request for the amendment that it seeks given that Yates-American had to know the nature and extent of its contacts with Maine at the time it filed its answer to the complaint. In support of this argument, Wyman notes that the discovery of the serial number of the planer is unrelated to any of the assertions in Yates-American's Exhibit D (Affidavit of Darrell Borghi), by which exhibit Yates-American sets forth the bases of its contention that it lacks forum contacts with Maine. (Plaintiff's Objection at 2-3, ECF No. 26.)

Preliminarily, by failing to assert the defense earlier, under Rule 12(h), Yates-American has waived the defense of lack of personal jurisdiction. Even assuming that Yates-American has not waived the defense, Yates-American's good cause argument fails. The suggestion that Yates-American needed information from others in order to ascertain *its contacts* with Maine is

unpersuasive. Indeed, Yates-American was always in the best position to assess its contacts with Maine based on the information to which it has direct access (e.g., its records of its business activities).

Finally, even if Yates-American could establish good cause, the Court is not convinced of the merit of the proposed defense. The Machinery Service Company records not only contradict the Borghi affidavit, but reflect multiple, regular contacts between Yates-American and Maine.[2] The transactions, which Yates-American does not dispute, must be construed "in the light most congenial to the plaintiff's jurisdictional claim." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 34 (1st Cir.1998). Based on the record before the Court, therefore, the Court concludes that the lack of personal jurisdiction defense would be futile.[3]

## CONCLUSION

Based on the foregoing analysis, the Court denies Yates-American's Motion for Leave to Amend.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

June 4, 2014          /s/ John C. Nivison
                      U.S. Magistrate Judge

---

[2] A federal district court's jurisdiction over the person of a defendant is determined by reference to the law of the forum state. *Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 367 (D. Me. 2011). Maine's long-arm statute authorizes the exercise of jurisdiction over out-of-state defendants to the maximum extent permitted by the Due Process Clause of the United States Constitution. *Id.* (citing 14 M.R.S. § 704-A(1)). Due process "requires only that in order to subject a defendant to a judgment in personam, ... he have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted). Minimum contacts exist where the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

[3] Yates-American's separate proposal to change the language of paragraph 5 of its Answer does not offer a material alteration of the Answer. The proposed amendment would include language stating that the subject planer was altered over the years. That assertion is already found in Yates-American's Answer in the ninth defense.